UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LOLA CAPERS,

                                  Plaintiff,

        v.

INTERFAITH HOSPITAL d/b/a BISHOP
WALKER MEDICAL CENTER,

                                  Defendant.

**MEMORANDUM AND ORDER**

22-cv-5471 (LDH) (SJB)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

      Lola Capers ("Plaintiff"), proceeding pro se, brings the instant action against Interfaith Hospital d/b/a Walker Medical Center ("Defendant"), asserting various constitutional claims. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, however, the complaint is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

## STANDARD OF REVIEW

      A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). This is "particularly so when the pro se plaintiff alleges that [his or her] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Further, an *in forma pauperis* action shall be dismissed where the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous if it lacks an arguable basis in law or fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

## DISCUSSION

Plaintiff claims she was awarded $250.00 in a malpractice action against Defendant, which declared bankruptcy between 2004–2022. (Compl. at 5, ECF No. 1.) Plaintiff seeks "to have the facilities removed as being lawful gainful employable facilities that help people, and [indecipherable] of society of the U.S.A." (*Id.* at 6.)

2

Here, even giving the most liberal construction to Plaintiff's complaint, the Court is unable to discern a cognizable claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiff appears to complain of money owed to her but nowhere states the legal basis for recovery. Accordingly, the Court dismisses the complaint for lacking any basis in law or in fact. *See Neitzke*, 490 U.S. at 325; *see also Walker v. Real Life Church*, No. 22-CV-4455, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered); *Burton v. USA*, No. 21-CV-6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations rise to the level of the irrational); *Gilot v. Govt.*, No. 21-CV-4346, 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing *pro se* plaintiff's claims because they are "entirely fanciful and frivolous").

Generally, a court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has the inherent power to dismiss without leave to amend or replead in "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011). Because the instant claims are frivolous, the Court finds that leave to amend would be futile.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this action, and mail a copy of this order to the pro se Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH
      December 13, 2023              LaSHANN DeARCY HALL
                                                     United States District Judge